**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ACADIA PHARMACEUTICALS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED et al., <br><br> *Defendants*. | C.A. No. 1:22-cv-01387-GBW <br><br> **(Consolidated)** <br> **PUBLIC VERSION FILED** <br> **NOVEMBER 14, 2024** |

## [PROPOSED] JOINT PRETRIAL ORDER

SAUL EWING LLP
James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)
Michelle C. Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
james.taylor@saul.com
jessica.jones@saul.com
michelle.streifthau-livizos@saul.com

OF COUNSEL:

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
Felix A. Eyzaguirre
Peter E. Conway
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Plaintiff*
*ACADIA Pharmaceuticals Inc.*

Seitz, Van Ogtrop & Green, P.A.
James S. Green, Jr. (#4406)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-7607
jsgreen@svglaw.com

OF COUNSEL:

Richard J. Berman
Janine A. Carlan
Bradford C. Frese
Michael Baldwin
ArentFox Schiff LLP
1717 K. St. NW
Washington, DC 20006

*Attorneys for Defendants*
*MSN Laboratories Private Ltd. and*
*MSN Pharmaceuticals, Inc.*

KRATZ & BARRY LLP
R Touhey Myer (#5939)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

OF COUNSEL:

Timothy H. Kratz
George J. Barry, III
Michael P. Hogan
John Thallemer
KRATZ & BARRY LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com
mhogan@kratzandbarry.com
jthallemer@kratzandbarry.com

*Attorneys for Defendants,*
*Aurobindo Pharma Limited*
*and Aurobindo Pharma USA, Inc.*

**TABLE OF CONTENTS**

**Page**

I.    NATURE OF THE ACTION [L.R. 16.3(c)(1)]................................................................1

    A.    Patents ................................................................................................................1

    B.    Pleadings (C.A. No. 22-1387-GBW) ................................................................2

II.   JURISDICTION [L.R. 16.3(c)(2)] .........................................................................4

III.  UNCONTESTED FACTS [L.R. 16.3(c)(3)].............................................................4

IV.   CONTESTED FACTS [L.R. 16.3(c)(4)] .................................................................4

V.    ISSUES OF LAW [L.R. 16.3(c)(5)] .......................................................................5

VI.   EXHIBITS [L.R. 16.3(c)(6)] ...............................................................................5

    A.    Trial Exhibits ....................................................................................................5

    B.    Demonstrative Exhibits.....................................................................................8

VII.  WITNESSES [L.R. 16.3(c)(7)] .............................................................................9

    A.    Deposition Designations ..................................................................................10

    B.    Objections to Expert Testimony ......................................................................12

VIII. BRIEF STATEMENT OF INTENDED PROOFS [L.R. 16.3(c)(8)–(10)].......................12

IX.   PROPOSED AMENDMENTS TO THE PLEADINGS [L.R. 16.3(c)(11)]......................13

X.    CERTIFICATION OF SETTLEMENT DISCUSSIONS [L.R. 16.3(c)(12)] ....................13

XI.   MISCELLANEOUS ISSUES .................................................................................13

    A.    Motions *In Limine*...........................................................................................13

    B.    Damages and Other Remedies [L.R. 16.3(c)(8)–(10)] ....................................14

    C.    Expected Duration and Scope of Trial.............................................................15

    D.    Type of Trial....................................................................................................15

    E.    Order of Proof .................................................................................................15

    F.    Daily List of Admitted Exhibits.......................................................................16

    G.    Trial Transcript Errata....................................................................................16

## TABLE OF CONTENTS
### (continued)

**Page**

    H.     Post-Trial Briefing ................................................................................................16

    I.     Submission of Exhibits After Trial ......................................................................16

XII.    ORDER TO CONTROL COURSE OF ACTION [L.R. 16.3(d)(4)].................................................17

1.      This matter comes before the Court at a final pretrial conference to be held on Tuesday, November 26, 2024 at 1:00 pm ET under Rule 16 of the Federal Rules of Civil Procedure.

2.      Plaintiff is ACADIA Pharmaceuticals Inc. ("ACADIA" or "Plaintiff").  Plaintiff is represented by James D. Taylor, Jr., Jessica M. Jones, and Michelle C. Streifthau-Livizos of Saul Ewing LLP.  ACADIA is also represented by Chad J. Peterman, Bruce M. Wexler, Scott F. Peachman, Felix A. Eyzaguirre, and Peter E. Conway of Paul Hastings LLP.

3.      Defendants are Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc. (together, "Aurobindo"), and MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. (together, "MSN") (collectively, "Defendants").  Aurobindo is represented by R Touhey Myer, Timothy H. Kratz, George J. Barry, III, Michael P. Hogan, and John Thallemer of Kratz & Barry LLP.  MSN is represented by James S. Green of Seitz, Van Ogtrop & Green P.A. and Richard Berman, Janine Carlan, Bradford Frese, and Michael Baldwin of ArentFox Schiff LLP.

4.      Pursuant to Local Rule 16.3, Plaintiff and Defendants, by their undersigned counsel, hereby submit this proposed Joint Pretrial Order governing the above-captioned bench trial commencing on Tuesday, December 3, 2024.

## I.      NATURE OF THE ACTION [L.R. 16.3(c)(1)]

### A.      Patents

5.      This is an action alleging patent infringement arising under the patent laws of the United States, Title 35, United States Code based on Defendants' filing of Abbreviated New Drug Applications ("ANDAs") with the Food and Drug Administration ("FDA").

6.      ACADIA is the holder of approved New Drug Application ("NDA") No. 210793 which provides for the use of Nuplazid® (pimavanserin) 34 mg oral capsules.  Nuplazid® is indicated for the treatment of hallucinations and delusions associated with Parkinson's disease psychosis ("PDP").

7.      ACADIA is asserting one patent in this litigation, U.S. Patent No, 11,452,721 ("the '721 patent" or "the Patent-in-Suit").  The '721 patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering Nuplazid® 34 mg.  ACADIA exclusively owns the '721 patent.

8.      ACADIA is currently asserting Claims 1-7 and 9-13 of the '721 patent against defendant Aurobindo.

9.      ACADIA is currently asserting Claims 1, 3-5, and 10-13 of the '721 patent against defendant MSN.

10.      The Orange Book provides the following expiration date for the '721 patent:

(a)      August 27, 2038

**B.      Pleadings (C.A. No. 22-1387-GBW)**

11.      On or about April 29, 2020, Aurobindo submitted ANDA No. 214782 to the FDA under Section 505(j)(2) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(j)(2), seeking the approval to manufacture commercially and sell its proposed generic product—Pimavanserin Tartrate Oral Capsules, 34 mg ("Aurobindo's ANDA Product").

12.      On or about October 27, 2022, Aurobindo sent Plaintiff a letter titled "Notification of Paragraph IV Certification Regarding U.S. Patent Nos. [*sic*] 11,452,721 Pursuant to Section 505(j)(2)(B)(i)-(ii) of the Federal Food, Drug, and Cosmetic Act" ("Aurobindo's Paragraph IV Notice Letter").  Aurobindo's Paragraph IV Notice Letter disclosed that its ANDA No. 214782 contained certifications under FFDCA § 505(j)(2)(A)(vii)(IV) for the patents listed in the Orange Book for Nuplazid®, including for the '721 patent.

13.      On or about April 29, 2020, MSN submitted ANDA No. 214925 to the FDA under Section 505(j)(2) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(j)(2),

seeking the approval to manufacture commercially and sell its proposed generic product—Pimavanserin Tartrate Oral Capsules, 34 mg ("MSN's ANDA Product").

14.    On or about November 7, 2023, MSN sent Plaintiff a letter titled "Notification of Certification of Invalidity, Unenforceability and/or Non-infringement for U.S. Patent No. U.S. Patent No. [*sic*] 11,452,721, Pursuant to Section 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act: Pimavanserin" ("MSN's Paragraph IV Notice Letter").  MSN's Paragraph IV Notice Letter disclosed that its ANDA No. 214925 contained certifications under FFDCA § 505(j)(2)(A)(vii)(IV) for the patents listed in the Orange Book for Nuplazid®, including for the '721 patent.

15.    Case number 1:22-cv-01387-GBW (the "Action") is a consolidation of two Hatch-Waxman actions, filed by ACADIA in 2022, against defendants Aurobindo and MSN as a result of each defendant each having filed its own ANDA seeking to market its own generic version of Nuplazid® 34 mg capsules.  Plaintiff commenced the action again Aurobindo within 45 days after receiving Aurobindo's Paragraph IV Notice Letter.  Plaintiff commenced this action against MSN prior to receiving MSN's Paragraph IV Notice Letter.  On October 21, 2022, ACADIA filed two separate actions, one against Aurobindo based on Aurobindo's filing of ANDA No. 214782, and another against MSN based on MSN's filing of ANDA No. 214925.[1]  These actions were consolidated by this Court and referred to as *Acadia Pharmaceuticals Inc. v. Aurobindo Pharma Limited et al.*  (C.A. No. 22-1387, D.I. 15 at ¶¶ 1, 3.)

16.    Plaintiff asserted that each Defendant was infringing under 35 U.S.C. § 271(e)(2)(A) by submitting their ANDAs prior to the expiration of the '721 patent.  (D.I. 1; C.A.

---

[1]    The action filed by ACADIA against MSN, which was consolidated into this action, was case number 1:22-cv-01388-GBW.

No. 22-1388, D.I. 1.)  Plaintiff also asserted that if Defendants' respective ANDA Products were to be approved, then Defendants' manufacture, use, sale and/or offer to sell in the United States, and/or importation into the United States, of Defendants' respective ANDA Products would infringe the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c).  (D.I. 1; C.A. No. 22-1388, D.I. 1.)  On January 2, 2023, Aurobindo filed its Answer to Plaintiff's Complaint Against Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc., denying infringement and alleging patent invalidity with respect to the '721 patent.[2] (D.I. 10.)  On December 23, 2022, MSN filed its Answer, Affirmative Defenses, and Counterclaims denying infringement and alleging counterclaims of patent invalidity with respect to the Patent-in-Suit.  (C.A. No. 22-1388, D.I. 13.)

17.    On January 13, 2023, Plaintiff filed its Answer to MSN's December 23, 2022 Counterclaims.  (C.A. No. 22-1388, D.I. 13.)

## II.    JURISDICTION [L.R. 16.3(c)(2)]

18.    This action arises under the patent laws of the United States.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  Subject matter jurisdiction and personal jurisdiction are not disputed for purposes of this action.

## III.    UNCONTESTED FACTS [L.R. 16.3(c)(3)]

19.    The parties stipulate to the facts listed in **Exhibit 1** hereto.  These stipulated facts require no proof at trial and will become part of the evidentiary record in this case.

## IV.    CONTESTED FACTS [L.R. 16.3(c)(4)]

20.    Plaintiff's statement of issues of fact that are not stipulated for purposes of this pretrial order is attached hereto as **Exhibit 2**.

---

[2] Aurobindo did not allege a counterclaim of noninfringement of the '721 patent.

21.    Defendants Aurobindo and MSN's statement of issues of fact that are not stipulated for purposes of this pretrial order is attached hereto as **Exhibit 3**.

22.

## V.    ISSUES OF LAW [L.R. 16.3(c)(5)]

23.    Plaintiff's statement of issues of law that provide a legal framework for issues remaining to be litigated is attached hereto as **Exhibit 4**.

24.    Defendants' statement of issues of law that provide a legal framework for issues remaining to be litigated is attached hereto as **Exhibit 5**.

## VI.    EXHIBITS [L.R. 16.3(c)(6)]

### A.    Trial Exhibits

25.    The list of exhibits which, subject to continued meeting and conferring in advance of and during trial, may ultimately be offered jointly by Plaintiff and Defendants, is attached hereto as **Exhibit 6**.  These exhibits are identified by the prefix JTX.

26.    The list of exhibits which may be offered by Plaintiff, including Defendants' objections thereto, is attached hereto as **Exhibit 7**.  These exhibits are identified by the prefix PTX.

27.    The list of exhibits which may be offered by Defendants, including Plaintiff's objections thereto, is attached hereto as **Exhibit 8**.  These exhibits are identified by the prefix DTX. Aurobindo's ANDA documents are specifically identified with the prefix AURO-DTX.  MSN's ANDA documents are specifically identified with the prefix MSN-DTX.

28.    The parties agree to make physical exhibits, if any, reasonably available for inspection at a date and time mutually agreeable by the parties.  For the avoidance of doubt, this does not include demonstrative exhibits (*i.e.*, those created for purposes of trial), described below.

29.    The pretrial order contains the maximum universe of exhibits to be used by any party (other than solely for impeachment) as well as all objections to the admission of such exhibits.  Exhibits not listed will not be admitted unless good cause is shown.

30.    Each party reserves the right to offer exhibits set forth on the other party's exhibit list, even if not set forth on its own exhibit list.  Any trial exhibit, once admitted, may be used equally by either party subject to any limitations as to its admission into evidence.

31.    The parties reserve their rights to raise all objections to exhibits as set forth on the trial exhibit lists.  The listing of a trial exhibit does not constitute an admission as to the admissibility of the trial exhibit (*i.e.*, a waiver of any applicable objection).  Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party (or jointly), at the time such evidence is offered, in view of the specific context in which such evidence is offered, or for any other reason as set forth in the Federal Rules of Evidence or other applicable principles of law.

32.    Each party shall serve on opposing counsel by electronic mail a written list by exhibit number of the trial exhibits that the party intends to use during direct examination of a witness (*i.e.*, the subset of trial exhibits already disclosed on **Exhibits 6–8**), by 7:30 pm ET one calendar day before such direct examination is expected to take place.  The party receiving the identification of exhibits intended for use during direct examination of a witness will inform the party identifying the exhibits of any objections by 9:00 pm ET the that same day, and the parties shall meet and confer as soon as possible thereafter to resolve such objections, but in any event, by 10:00 pm ET that same day.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention at the beginning of the day.  Failure to comply with these procedures, absent an agreement by the parties and approval by

the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit. The advance notification provision for exhibits does not apply to exhibits to be used during cross-examination.

33.     Other than trial exhibits jointly designated by the parties in **Exhibit 6** and any supplements thereto, or as otherwise agreed by the parties, no exhibit shall be admitted unless offered into evidence through a witness, subject to the Court's ruling on any objections as to admissibility and the witness's ability to testify concerning said exhibit. At some point before the completion of the parties' case in chief, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence, must formally move the exhibit into evidence by reading a list of exhibit numbers into the record. Failure to raise an objection to an exhibit at trial shall be considered a waiver of said evidentiary objection.

34.     The parties agree that exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used or offered at trial. However, the use of an exhibit solely for impeachment purposes will not result in the exhibit being admitted into evidence, and the admission of such an exhibit is subject to the requirements in the above paragraphs if a party wishes to have the exhibit admitted into evidence.

35.     Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness through live testimony or by deposition designation.

36.     Each party agrees that complete legible copies of documents may be offered and received into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or if in the circumstances it would be unfair to admit the copy in lieu of the original. Complete legible copies of United States and foreign patents and/or

applications, and the contents of associated file histories, may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

### B.    Demonstrative Exhibits

37.    Exhibits that the parties intend to use at trial solely for demonstrative purposes (*i.e.*, those created for purposes of trial, as distinguished from physical exhibits that exist independent of trial in this action that a party may wish to use at trial) without admitting into evidence ("demonstrative exhibits") do not need to be described on their respective lists of trial exhibits.

38.    Each demonstrative exhibit shall clearly indicate on the face of the demonstrative exhibit, if practicable, all information sources (including, if available, trial exhibit numbers) that form the basis for the demonstrative exhibit.  If not practicable to indicate the sources on the face of the demonstrative exhibit itself, an identification of the sources shall accompany the demonstrative exhibit. Each demonstrative exhibit used by Plaintiff for its opening statement should be enumerated using the prefix PDX-OPENING- and each demonstrative exhibit used by Defendants for their respective opening statements should be enumerated using the prefix DDX-OPENING-, MSN-DDX-OPENING- (for MSN-specific demonstrative exhibits) and AURO-DDX-OPENING- (for Aurobindo-specific demonstrative exhibits). Each demonstrative exhibit used with a witness should bear the prefix [WITNESS SURNAME]-DX-.

39.    Each party shall serve on opposing counsel by electronic mail (for files having a size of less than 10 MB) and/or by electronic file transfer (for files having a size of 10 MB or greater) full color copies (or videos, for the case of animations) of any demonstrative exhibits that each party intends to use at trial during opening statements or during direct examination of a witness according to the schedule below.  For irregularly sized physical demonstrative exhibits, the party seeking to use the demonstrative exhibit will provide a color representation as a PDF of

8.5 x 11 inch copies of the demonstrative exhibit and make the original available for inspection by the opposing party.

40.    For demonstrative exhibits to be used in connection with opening statements, each party shall exchange such demonstrative exhibits by 12:00 pm ET the day before opening statements.  The party receiving identification of demonstrative exhibits for opening statements will inform the party identifying the demonstrative exhibits of any objections by 4:00 pm ET on the day before opening statements, and the parties will meet and confer as soon as possible thereafter to resolve such objections, but in any event by 5:00 pm ET that same day.

41.    For demonstrative exhibits to be used in connection with direct examination of a witness, each party shall exchange such demonstrative exhibits by 7:30 pm ET on the calendar day before such direct examination is expected to take place.  The party receiving identification of demonstrative exhibits for direct examination will inform the party identifying the demonstrative exhibits of any objections by 9:00 pm ET on the day of receipt, and the parties will meet and confer as soon as possible thereafter to resolve such objections, but in any event by 10:00 pm ET that same day.

42.    For the avoidance of doubt, only a demonstrative exhibit that falls into one of the following categories is not required to be provided to the other side in advance of its use:  (a) a copy of a single trial exhibit or part of a single trial exhibit, or a blow-up or highlighting of a single trial exhibit or part of a single trial exhibit, or (b) a blow-up or highlighting of a single deposition or trial transcript or part of a single deposition or trial transcript.

43.    The advance notification provisions for demonstrative exhibits do not apply to demonstrative exhibits used in closing arguments (to the extent closing arguments are requested

by the Court), or demonstratives used for cross-examination, which do not need to be provided to the other side in advance of their use.

## VII.    WITNESSES [L.R. 16.3(c)(7)]

44.    Plaintiff's list of fact and expert witnesses they may call at trial, either live or by deposition, including Defendants' objections thereto, is attached hereto as **Exhibit 9**.

45.    Defendants' list of fact and expert witnesses they may call at trial, either live or by deposition, including Plaintiff's objections thereto, is attached hereto as **Exhibit 10**.

46.    Any witness not listed as described in **Exhibits 9 or 10** and above will be precluded from trial.

47.    The *curricula vitae* of live witnesses a party intends to call at trial may be submitted at the time of the pretrial conference.

48.    The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition, nor shall it constitute an admission as to the availability or unavailability of that witness to appear live at trial.

49.    Each party shall identify by electronic mail a good faith order of all of their live trial witnesses by 7:00 pm ET one week ahead of the start of trial.  Additionally, the parties agree they will timely notify the other party if there are any anticipated changes to the order of live trial witnesses after this disclosure and before the start of trial.

50.    Each party shall serve on opposing counsel by electronic mail a list of all witnesses (whether live or via deposition testimony) the party intends to call at trial and in what order by 7:00 pm ET two calendar days before such testimony is expected to take place.  The party receiving identification of the witnesses will inform the party identifying the witnesses of any objections by 9:00 pm ET that same day, and the parties will meet and confer as soon as possible thereafter to resolve such objections, but in any event by 10:00 pm ET that evening.

### A.    Deposition Designations

51.    Deposition testimony that Plaintiff may offer into evidence, together with Defendants' counter-designations and the parties' respective objections, is identified in **Exhibit 11** hereto.  Deposition testimony that Defendants may offer into evidence, together with Plaintiff's counter-designations and the parties' respective objections, is identified in **Exhibit 12** hereto. Deposition testimony to be used solely for cross-examination but not admitted into evidence need not be identified to the other side in advance of its use.

52.    Each party shall serve on opposing counsel by electronic mail a written list of the final remaining lines and pages of each deposition transcript (i.e., the subset of deposition designations already disclosed in **Exhibits 11** and **12**), prior to reading or playing a video of the deposition at trial (other than for impeachment of a witness or cross-examination) that a party intends to use at trial by 7:00 pm ET at least three calendar days before such deposition designation is expected to be used. The party receiving the identification of deposition designations will inform the party identifying the deposition designations of any objections and counter-designations by 7:00 pm ET two calendar days prior to the testimony being offered into the record, and the parties will meet-and-confer by 10:00 p.m. ET that same day in a good-faith effort to discuss and resolve any objections to the deposition designations. If there are objections that remain to be resolved after the parties meet and confer, the party calling the witness by deposition shall, no later than one (1) calendar day before the witness is to be called at trial, submit on behalf of all parties: (i) A copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in

waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

53.     To the extent that deposition designations or counter-designations are admitted into evidence, they must either be played by video or read in open court, unless the Court prefers to accept and take any such submissions under advisement (with each party being charged for the playing time of their respective portions of the video designations). If a party opts to introduce deposition testimony, any counter-designation of that same witnesses' testimony must be submitted in the same medium, and the testimony designated by both parties will be played or read consecutively in the sequence in which the testimony was originally given at deposition. When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. An additional copy shall be provided to the court reporter. To the extent deposition designations are read or played in open court, each party will be charged the time taken to read or play its designations. For convenience, if both parties' designations are played together, the time charged to each party will be measured by the proportion of the number of lines of testimony for each party's designations as compared to the total number of lines of testimony read or played. Prior to the introduction of deposition designations or counter-designations, counsel for the introducing party may provide a short introduction to the Court about the identity of the witness and subject matter of deposition testimony, which introduction the parties agree is not evidence and the time for which will be charged against that party.

54.     All irrelevant and redundant colloquy between counsel and objections will be eliminated when the deposition transcript is presented at trial.  However, any objections that a party intends to seek a ruling from the Court will be made at trial.

55.    The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony, nor is it a waiver of any applicable objection.

**B.    Objections to Expert Testimony**

56.    The parties request that the Court rule at trial on objections to expert testimony as outside the scope of prior expert disclosures, taking time from the losing party's trial presentation to argue and decide such objections.

## VIII.    BRIEF STATEMENT OF INTENDED PROOFS [L.R. 16.3(c)(8)–(10)]

57.    In support of its claims and in addition to the facts not in dispute,  Plaintiff expects to offer the proofs set forth in **Exhibit 13**.

58.    In support of their claims and in addition to the facts not in dispute, Defendants expect to offer the proofs set forth in **Exhibit 14**.

## IX.    PROPOSED AMENDMENTS TO THE PLEADINGS [L.R. 16.3(c)(11)]

59.    No parties seek to amend the pleadings at this time.

## X.    CERTIFICATION OF SETTLEMENT DISCUSSIONS [L.R. 16.3(c)(12)]

60.    Plaintiff ACADIA certifies that it has engaged in a good faith effort to explore resolution of the controversy by settlement. A settlement has not yet been reached.

## XI.    MISCELLANEOUS ISSUES

**A.    Motions *In Limine***

61.    Pursuant to paragraph 14 of the Scheduling Order (D.I. 16), Plaintiff's motions *in limine*, along with Defendants' oppositions thereto, Plaintiff's replies, and supporting exhibits, are set forth as follows and attached hereto as **Exhibits** 15A, 15B, 16A, and 16B.

(a)    Plaintiff's Motions *In Limine* to preclude Defendants' experts from offering opinions at trial based on claim constructions other than the claim constructions decided on by this Court in D.I. 43.

62.    In order to avoid confusion, Plaintiff's supporting exhibits to Plaintiff's motions *in limine* and replies to Defendants' oppositions thereto will be marked using numbers (*e.g.*, Exhibit 1), and Defendants' supporting exhibits to Defendants' oppositions will be marked using letters (*e.g.*, Exhibit A).

63.    Pursuant to paragraph 14 of the Scheduling Order (D.I. 16), Defendants hereby state that they are not bringing any motions *in limine* for the Court's consideration. For clarity's sake, MSN maintains its *Daubert* motion to exclude Dr. Smith's testimony regarding claim 3 (D.I. 94), which is fully briefed and pending before the Court.

**B.    Damages and Other Remedies [L.R. 16.3(c)(8)-(10)]**

64.    The parties do not intend to seek damages at this time, except all parties reserve the right to seek attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285.  Plaintiff also reserves the right to seek damages if Aurobindo or MSN manufactures, uses, sells and/or offers to sell in the United States, and/or imports into the United States, any of Aurobindo's or MSN's respective ANDA Products prior to the expiration date of the Patent-in-Suit.

65.    Plaintiff requests the following relief from the Court:

(a)    An order that each of the asserted claims of the Patent-in-Suit is infringed (directly and/or indirectly) and not invalid;

(b)    An order that the effective date of any approval of the Defendants' respective ANDAs may not be earlier than the expiration of the Patent-in-Suit;

(c)    Injunctive relief, as appropriate, against any infringement of the Patent-in-Suit by Defendants, their officers, agents, attorneys, and employees, and those acting in privity or contract with them, precluding them from manufacturing, using, selling and/or offering to sell in the United States,

and/or importing into the United States Defendants' respective ANDA Product;

(d)   A grant of such other and further relief as this Court may deem just and proper.

66.   MSN requests the following relief from the Court:

(a)   An order declaring under 28 U.S.C. §§ 2201 *et seq* that the submission of ANDA No. 214925 has not and will not infringe any valid claim of the '721 patent;

(b)   An order declaring under 28 U.S.C. §§ 2201 *et seq* that the Asserted Claims are invalid, including under 35 U.S.C. § 103 and/or § 112; and

(c)   A grant of any other relief that the Court deems just and proper.

67.   Aurobindo requests the following relief from the Court:  denial of Plaintiff's requested are relief and the right to seek attorney fees and costs associated with this case and any other relief that the Court deems just and proper

**C.    Expected Duration and Scope of Trial**

68.   Trial is scheduled to begin on December 3, 2024 and to last three days.  The parties request 18 hours of trial presentation time.  Fifty percent of the time will be allotted to Plaintiff and the remaining fifty percent to Defendants.

69.   Time that a party is presenting opening statements, examining or cross-examining witnesses, or presenting closing arguments (to the extent closing arguments are requested by the Court) will be counted as the time of that party.  Time spent arguing objections in open Court will be assessed against the party that receives an adverse ruling concerning the objection.

70.    The parties will be conferring in advance of the Pretrial Conference the handling of client Confidential Information and will use their best efforts to agree to a plan to present to the Court that balances minimizing disruption of the court proceedings and protection of the parties.

**D.    Type of Trial**

71.    This is a non-jury trial.

**E.    Order of Proof**

72.    Opening arguments will be delivered in the following order:  Plaintiff, then Defendants.

73.    Plaintiff will present its entire case in chief on issues of infringement, including asserted patent and technology background.

74.    Defendants then will present their rebuttal to Plaintiff's case in chief on issues of infringement, and any additional technology background.  Defendants then will present their case in chief on issues of patent invalidity, not including presenting evidence on objective indicia of nonobviousness.

75.    Plaintiff then will present its rebuttal to Defendants' case in chief on issues of patent invalidity, including presenting evidence on objective indicia of nonobviousness.

76.    Defendants then will present their evidence solely in response to Plaintiff's assertions of objective indicia of nonobviousness.

**F.    Daily List of Admitted Exhibits**

77.    The parties will meet and confer each day to discuss the list of admitted exhibits used during that trial day.  The parties will jointly coordinate with Court staff to ensure the Court and all parties have an accurate list of admitted exhibits, and in the event of a dispute, timely raise any issues in the morning.

**G.    Trial Transcript Errata**

78.     The parties will meet and confer regarding an appropriate schedule for joint submission of corrections to the trial transcript.

**H.      Post-Trial Briefing**

79.     The parties will work together to propose a schedule for post-trial findings of fact and conclusions of law, and any potential closing arguments, after the conclusion of trial in consultation with the Court.

80.     Only admitted trial exhibits may be relied upon in post-trial briefing.

81.     No appendices shall be submitted with any post-trial briefs.

82.     Trial exhibits shall be referred to by exhibit number (PTX-, DTX-, AURO-DTX-, MSN-DTX-, or JTX-).

**I.      Submission of Exhibits After Trial**

83.      In lieu of submitting hard copies of the parties' admitted trial exhibits, the parties shall submit hyperlinked versions of the parties' post-trial papers within a week of the filing of the last post-trial brief.  If the Court prefers that such submissions be hard copies, the parties will submit binder copies of the admitted trial exhibits within a week of the filing of the last post-trial brief (Plaintiff will submit a binder(s) of any admitted JTX and PTX exhibits, and defendants will submit a binder(s) of any admitted DTX exhibits).

**XII.    ORDER TO CONTROL COURSE OF ACTION [L.R. 16.3(d)(4)]**

84.     This order shall control the subsequent course of the action, unless modified by  the Court to prevent manifest injustice.

SAUL EWING ARNSTEIN & LEHR LLP

/s/ _____
James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)
Michelle C. Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
(302) 421-6800
james.taylor@saul.com
jessica.jones@saul.com
michelle.streifthau-livizos@saul.com

OF COUNSEL:

Chad J. Peterman
Bruce M. Wexler
Scott F. Peachman
Felix A. Eyzaguirre
Peter E. Conway
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Plaintiff*
*ACADIA Pharmaceuticals Inc.*

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ _____
James S. Green, Jr. (#4406)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-7607
jsgreen@svglaw.com

OF COUNSEL:

Richard J. Berman
Janine A. Carlan
Bradford C. Frese
Michael Baldwin
ArentFox Schiff LLP
1717 K. St. NW
Washington, DC 20006

*Attorneys for Defendants*
*MSN Laboratories Private Ltd. and*
*MSN Pharmaceuticals, Inc.*

/s/                    
KRATZ & BARRY LLP
R Touhey Myer (#5939)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

OF COUNSEL:

Timothy H. Kratz
George J. Barry, III
Michael P. Hogan
John Thallemer
KRATZ & BARRY LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com
mhogan@kratzandbarry.com
jthallemer@kratzandbarry.com

*Attorneys for Defendants,*
*Aurobindo Pharma Limited*
*and Aurobindo Pharma USA, Inc.*

November 7, 2024

SO ORDERED this _____ day of_____, 2024.

_____
UNITED STATES DISTRICT JUDGE