# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED et al., <br><br> Defendants. | C.A. No. 22-1387-GBW <br> **(Consolidated)** <br><br> **PUBLIC VERSION FILED NOVEMBER 14, 2024** |

**PRETRIAL ORDER EXHIBIT 1:**

**JOINT STATEMENT OF UNCONTESTED FACTS**

## **TABLE OF CONTENTS**

**Page**

I. THE PARTIES ............................................................................................................... 1

II. NUPLAZID® ................................................................................................................. 2

III. PATENT-IN-SUIT ........................................................................................................ 2

    A. U.S. Patent No. 11,452,721 ............................................................................. 2

    B. Orange Book Listings for the '721 Patent ....................................................... 2

    C. Claim Construction .......................................................................................... 3

IV. DEFENDANTS' ANDAs .............................................................................................. 4

    A. MSN's ANDA .................................................................................................. 4

    B. Aurobindo's ANDA ......................................................................................... 4

V. UNDISPUTED FACTS CONCERNING THE '721 PATENT .................................... 5

    A. The Asserted Claims of the '721 Patent .......................................................... 5

        i. Claims 1, 3-5, and 10-13 of the '721 Patent ........................................ 5

        ii. Claims 2, 6-7, and 9 of the '721 Patent ............................................... 6

I.  **THE PARTIES**

1. Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 12830 El Camino Real, Suite 400, San Diego, California 92130.

2. Defendant MSN Laboratories Private Limited ("MSN Labs") is an entity organized and existing under the laws of India, having a principal place of business at MSN House, Plot No. C-24, Industrial Estate, Sanathnagar, Hyderabad, Telangana, 500018 India.

3. Defendant MSN Pharmaceuticals, Inc. ("MSN Pharma") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

4. MSN Labs and MSN Pharma do not contest the personal jurisdiction of this Court in this action.

5. Defendant Aurobindo Pharma Limited ("Aurobindo Limited") is an entity organized and existing under the laws of India, having a principal place of business at Plot no. 2, Maitrivihar, Ameerpet, Hyderabad-500038, Telangana, India.

6. Defendant Aurobindo Pharma USA, Inc. ("Aurobindo USA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton-Hightstown Road, East Windsor, New Jersey, 08520.

7. Aurobindo Limited and Aurobindo USA (collectively, "Aurobindo") work in concert, either directly or indirectly, with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in the State of Delaware.

8. Defendants are MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. (collectively, "MSN"), and Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc. (collectively, "Aurobindo"), (together, "Defendants").

## II. NUPLAZID®

9. ACADIA is the holder of approved New Drug Application ("NDA") No. 210793 which provides for the use of Nuplazid® (pimavanserin) immediate-release, oral capsules of 34 mg.

10. Nuplazid® is indicated for the treatment of hallucinations and delusions associated with Parkinson's disease psychosis (PDP).

## III. PATENT-IN-SUIT

### A. U.S. Patent No. 11,452,721

11. U.S. Patent No. 11,452,721 ("the '721 patent" or "the Patents-in-Suit") was issued by the United States Patent and Trademark Office ("USPTO") on September 27, 2022, from U.S. Application No. 17/693,830 ("the '830 application"), which was filed on March 14, 2022. The '830 application claims priority to U.S. Provisional Patent Application No. 62/552,300 ("the Provisional '300 application"), which was filed on August 30, 2017.

12. The '721 patent names Ravindra Tejwani, Stephen Edward Abele, and Emanuel Joseph Vizzotti as inventors, and lists ACADIA as assignee.

13. ACADIA owns the '721 patent.

### B. Orange Book Listings for the '721 Patent

14. The '721 patent is listed in the U.S. Food and Drug Administration's ("FDA") publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book") in conjunction with Nuplazid®.

15. The Orange Book provides an expiration date for the '721 patent of August 27, 2038.

C. **Claim Construction**

16. As used in the asserted claims of the '721 patent, the Court has construed "[a] blended pimavanserin comprising: granules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients; and one or more blending excipients" of claim 1 of the '721 patent as follows: "Plain and ordinary meaning; an extra-granular component is not required." (D.I. 44. at 1.)

17. This Court construed the claim term "[a] blended pimavanserin comprising: granules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients" of claim 4 of the '721 patent as follows: "Plain and ordinary meaning; an extra-granular component is not required." (*Id.*)

18. This Court construed the claim term "[g]ranules comprising 40 mg pimavanserin tartrate" of claim 4 of the '721 patent as follows: "Plain and ordinary meaning; the scope of the term granule includes granules granulated with pimavanserin and excipients." (*Id.* at 1–2.)

19. This Court construed the claim term "[g]ranules comprising 40 mg pimavanserin tartrate" of claims 1 and 4 of the '721 patent as follows: "Plain and ordinary meaning; the scope of the term granule includes granules granulated with pimavanserin and excipients." (*Id.* at 2.)

20. This Court construed the claim term "[g]ranules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients" of claim 1 of the '721 patent as follows: "Plain and ordinary meaning; the scope of the term granule includes granules granulated with pimavanserin and excipients." (*Id.* at 2.)

21. This Court construed the claim term "[g]ranules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients" of claim 4 of the '721 patent as

follows: "Plain and ordinary meaning; the scope of the term granule includes granules granulated with pimavanserin and excipients." (*Id.*)

22. Each of the asserted claims of the '721 patent set forth in ACADIA's Initial Infringement Contentions to MSN and Aurobindo includes at least one of the following terms, or ultimately depends from an independent claim that includes at least one of the following terms: "[a] blended pimavanserin comprising: granules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients; and one or more blending excipients" or "[a] blended pimavanserin comprising: granules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients."

## IV. DEFENDANTS' ANDAs

### A. MSN's ANDA

23. MSN submitted ANDA No. 214925 ("MSN's ANDA") to the FDA under 505(j)(2) of the Federal Food, Drug, and Cosmetic Act seeking FDA approval to engage in the commercial manufacture, use, sale, or offer for sale of pimavanserin 34 mg capsules (the "MSN ANDA Product") prior to the expiration of the '721 patent.

24. If approved by the FDA, MSN's ANDA Product will be indicated for the treatment of hallucinations and delusions associated with PDP.

### B. Aurobindo's ANDA

25. Aurobindo submitted ANDA No. 214782 ("Aurobindo's ANDA") to the FDA under 505(j)(2) of the Federal Food, Drug, and Cosmetic Act seeking FDA approval to engage in the commercial manufacture, use, sale, or offer for sale of pimavanserin 34 mg capsules (the "Aurobindo ANDA Product") prior to the expiration of the '721 patent.

26. If approved by the FDA, Aurobindo's ANDA Product will be indicated for the treatment of hallucinations and delusions associated with PDP.

V.   UNDISPUTED FACTS CONCERNING THE '721 PATENT

    A.   The Asserted Claims of the '721 Patent

27.   ACADIA is currently asserting claims 1, 3-5, and 10-13 of the '721 patent against MSN over MSN's submission of ANDA No. 214925 and proposed ANDA Product. ACADIA is currently asserting claims 1-7 and 9-13 of the '721 patent against Aurobindo over Aurobindo's submission of ANDA No. 214782 and proposed ANDA Product.

    i.   Claims 1, 3-5, and 10-13 of the '721 Patent

28.   Claim 1 of the '721 patent recites:

> 1. A pharmaceutically acceptable capsule for orally delivering 34 mg of pimavanserin to a patient, wherein the capsule has a size 3 or 4 capsule shell that contains a blended pimavanserin composition comprising:
>
> > granules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients;
>
> > and one or more blending excipients; wherein the bulk density of the granules is >0.4 g/ml as determined by USP<616>, method 1.

29.   Claim 3 of the '721 patent recites:

> 3. The pharmaceutically acceptable capsule of claim 1, wherein the blended pimavanserin composition has a D90 particle size distribution of 60-450 μm as measured using laser scattering particle size analysis.

30.   Claim 4 of the '721 patent recites:

> 4. A pharmaceutically acceptable capsule for orally delivering 34 mg of pimavanserin to a patient, wherein the capsule has a capsule shell with a capsule shell size 3 or 4, that encapsulates a blended pimavanserin composition comprising:
>
> > granules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients; and
>
> wherein the bulk density of the granules is >0.4 g/ml as determined by USP<616>, method 1.

31.   Claim 5 of the '721 patent recites:

      5. The pharmaceutically acceptable capsule of claim 4, wherein the capsule shell is a hard shell size 4 capsule.

32. Claim 10 of the '721 patent recites:

      10. The pharmaceutically acceptable capsule of claim 1, wherein the blending excipients are selected from the group consisting of filler/diluents, lubricants and mixtures thereof.

33. Claim 11 of the '721 patent recites:

      11. The pharmaceutically acceptable capsule of claim 1, wherein the granules comprise a pharmaceutically acceptable excipient which is a binder.

34. Claim 12 of the '721 patent recites:

      12. The pharmaceutically acceptable capsule of claim 10, wherein the binder is selected from the group consisting of cellulose, methyl cellulose, polyvinylpyrrolidone and polyethylene glycol.[1]

35. Claim 13 of the '721 patent recites:

      13. The pharmaceutically acceptable capsule of claim 4 wherein the pharmaceutically acceptable excipients comprise a binder.[2]

    **ii. Claims 2, 6-7, and 9 of the '721 Patent**

36. Claim 2 of the '721 patent recites:

      2. The pharmaceutically acceptable capsule of claim 1, wherein one of the blending excipients is selected from the group consisting of magnesium stearate, sodium stearyl fumarate, colloidal silicon dioxide, and talc.

37. Claim 6 of the '721 patent recites:

---

[1] Pursuant to 35 U.S.C. § 254, and 37 C.F.R. § 1.323 and 1.322, a request for Certificate of Correction was submitted in connection with dependent claim 12 to correct a clerical or typographical error, *i.e.*, to replace "capsule of claim 10" with "capsule of claim 11." The Certificate of Correction was approved on September 19, 2024.

[2] Pursuant to 35 U.S.C. § 254, and 37 C.F.R. § 1.323 and 1.322, a request for Certificate of Correction was submitted in connection with dependent claim 13 to correct a clerical or typographical error, *i.e.*, to replace "the pharmaceutically acceptable excipients" with "the one or more pharmaceutically acceptable excipients." The Certificate of Correction was approved on September 19, 2024.

    6.  The pharmaceutically acceptable capsule of claim 1, wherein one of the blending excipients is selected from the group consisting of a cellulose, a polysaccharide, and polyvinylpyrrolidone.

38. Claim 7 of the '721 patent recites:

    7.  The pharmaceutically acceptable capsule of claim 1, wherein one of the blending excipients is selected from the group consisting of microcrystalline cellulose, silicified microcrystalline cellulose, hydroxypropyl cellulose, hydroxypropylmethyl cellulose, hydroxymethyl cellulose, and a lactose cellulose blend.

39. Claim 9 of the '721 patent recites:

    9. The pharmaceutically acceptable capsule of claim 1, wherein the blending excipients comprise microcrystalline cellulose and magnesium stearate.