# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED et al., <br><br> Defendants. | C.A. No. 1:22-cv-01387-GBW <br> **(Consolidated)** <br><br> **PUBLIC VERSION FILED NOVEMBER 14, 2024** |

**PRETRIAL ORDER EXHIBIT 2:**

**PLAINTIFF'S STATEMENT OF**
**ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| **I.** | BACKGROUND | 2 |
| **II.** | THE ASSERTED CLAIMS OF THE '721 PATENT | 2 |
| **III.** | INFRINGEMENT BY AUROBINDO | 3 |
| **IV.** | INFRINGEMENT BY MSN | 9 |
| **V.** | VALIDITY | 14 |

**PLAINTIFF'S STATEMENT OF ISSUES
OF FACT THAT REMAIN TO BE LITIGATED[1]**

Pursuant to Local Rule 16.3(c)(4), Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA" or "Plaintiff") submits the following statement of the issues of fact that remain to be litigated.[2] This statement is not exhaustive, and is based on Plaintiff's current understanding of the arguments Defendants Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc. ("Aurobindo") and MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. (together, "MSN") (collectively, "Defendants") are likely to make at trial, based on the pleadings, discovery, and expert reports to date. Plaintiff reserves the right to modify or supplement the issues of fact to be litigated in light of any pretrial rulings by the Court and/or any further identified issues of fact by Defendants, including those identified during expert discovery, and/or to address any additional developments in the case, including anticipated motions. To the extent that Defendants intend or attempt to introduce different or additional facts or alleged facts in support of any claim or defense they assert in this case, Plaintiff reserves the right to supplement or amend this Statement and contest those issues, and to present any and all rebuttal evidence in response to those issues.

---

[1] To the extent that any issues of law set forth in Exhibit 4 of the Joint Pretrial Order may be considered issues of fact, Plaintiff incorporates those portions of Exhibit 4 herein by reference. To the extent any of the issues of fact set forth in this Exhibit 2 may be considered issues of law, Plaintiff incorporates by reference those portions of this Exhibit 2 into Exhibit 4.

[2] Plaintiff's listing of "Issues of Fact That Remain to Be Litigated" is not a concession that Plaintiff bears the burden of proof with respect to the recited facts or any other facts. In addition, Plaintiff's listing of "Issues of Fact That Remain to Be Litigated" is not a concession that there is any genuine dispute with respect to the recited facts. Further, Plaintiff disputes Defendants' contested facts, and the relevance of those facts, even if not specifically addressed in this document. Plaintiff also incorporates by reference their expert reports and fact and expert witness deposition testimony.

## I.     BACKGROUND

1. This case relates to Plaintiff's allegations of infringement of U.S. Patent No. 11,452,721 ("the '721 patent").

2. The '721 patent is listed in the U.S. Food and Drug Administration's ("FDA") publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book") as covering Nuplazid® 34 mg capsules.

3. Plaintiff is the holder of approved New Drug Application ("NDA") No. 210793 for oral capsules containing pimavanserin tartrate, Eq. 34 mg base as the active ingredient, which is marketed and sold exclusively by ACADIA in the United States under the brand name Nuplazid®.

4. Aurobindo submitted Abbreviated New Drug Application ("ANDA") No. 214782 ("Aurobindo's ANDA") to the FDA under 505(j)(2) of the Federal Food, Drug, and Cosmetic Act seeking FDA approval to engage in the commercial manufacture, use, sale, or offer for sale of its proposed generic product, Pimavanserin Tartrate Oral Capsules, 34 mg ("Aurobindo's ANDA Product"), prior to the expiration of the '721 patent.

5. MSN submitted ANDA No. 214925 ("MSN's ANDA") to the FDA under 505(j)(2) of the Federal Food, Drug, and Cosmetic Act seeking FDA approval to engage in the commercial manufacture, use, sale, or offer for sale of its proposed generic product, Pimavanserin Tartrate Oral Capsules, 34 mg ("MSN's ANDA Product"), prior to the expiration of the '721 patent.

## II.    THE ASSERTED CLAIMS OF THE '721 PATENT

6. Plaintiff is currently asserting claims 1–7 and 9–13 of the '721 patent against Defendant Aurobindo.

7. Plaintiff is currently asserting claims 1, 3-5, and 10-13 of the '721 patent against Defendant MSN.

## III. INFRINGEMENT BY AUROBINDO

### A. Aurobindo Will Directly Infringe Claim 1 of the '721 Patent

8. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 1 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

9. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 1 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

10. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product is a pharmaceutically acceptable capsule wherein the capsule has a size 3 or 4 capsule shell.

11. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product contains a blended pimavanserin composition.

12. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product contains granules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients.

13. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product contains one or more blending excipients.

14. Whether Plaintiff has proven by a preponderance of the evidence that the bulk density of the granules in Aurobindo's ANDA Product is >0.4 g/ml as determined by USP<616>, method 1.

**B.  Aurobindo Will Directly Infringe Claim 2 of the '721 Patent**

15. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 2 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

16. Whether Plaintiff has proven by a preponderance of the evidence that one of the blending excipients in Aurobindo's ANDA Product is selected from the group consisting of magnesium stearate, sodium stearyl fumarate, colloidal silicon dioxide, and talc.

**C.  Aurobindo Will Directly Infringe Claim 3 of the '721 Patent**

17. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 3 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

18. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 3 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

19. Whether Plaintiff has proven by a preponderance of the evidence that the blended pimavanserin composition has a D90 particle size distribution of 60-450 μm as measured using laser scattering particle size analysis.

### D. Aurobindo Will Directly Infringe Claim 4 of the '721 Patent

20. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 4 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

21. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 4 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

22. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product is a pharmaceutically acceptable capsule for orally delivering 34 mg of pimavanserin to a patient.

23. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product is a pharmaceutically acceptable capsule wherein the capsule has a size 3 or 4 capsule shell.

24. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product contains a blended pimavanserin composition.

25. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product contains granules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients.

26. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's ANDA Product contains one or more blending excipients.

27. Whether Plaintiff has proven by a preponderance of the evidence that the bulk density of the granules in Aurobindo's ANDA Product is >0.4 g/ml as determined by USP<616>, method 1.

    **E.**    **Aurobindo Will Directly Infringe Claim 5 of the '721 Patent**

28. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 5 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

29. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 5 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

    **F.**    **Aurobindo Will Directly Infringe Claim 6 of the '721 Patent**

30. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 6 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

31. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 6 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by

manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

### G. Aurobindo Will Directly Infringe Claim 7 of the '721 Patent

32. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 7 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

33. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 7 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

### H. Aurobindo Will Directly Infringe Claim 9 of the '721 Patent

34. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 9 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

35. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 9 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

### I. Aurobindo Will Directly Infringe Claim 10 of the '721 Patent

36. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 10 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

37. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 10 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

**J.     Aurobindo Will Directly Infringe Claim 11 of the '721 Patent**

38. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 11 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

39. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 11 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

**K.     Aurobindo Will Directly Infringe Claim 12 of the '721 Patent**

40. Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States,

of Aurobindo's ANDA Product constitutes an act of infringement of claim 12 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

41.  Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 12 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

### L.  Aurobindo Will Directly Infringe Claim 13 of the '721 Patent

42.  Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo's act of filing ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 13 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

43.  Whether Plaintiff has proven by a preponderance of the evidence that Aurobindo will directly infringe claim 13 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

## IV.  INFRINGEMENT BY MSN

### A.  MSN Will Directly Infringe Claim 1 of the '721 Patent

44.  Whether Plaintiff has proven by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 1 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

45. Whether Plaintiff has proven by a preponderance of the evidence that MSN will directly infringe claim 1 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

46. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product is a pharmaceutically acceptable capsule for orally delivering 34 mg of pimavanserin to a patient.

47. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product is a pharmaceutically acceptable capsule wherein the capsule has a size 3 or 4 capsule shell.

48. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product contains a blended pimavanserin composition.

49. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product contains granules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients.

50. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product contains one or more blending excipients.

51. Whether Plaintiff has proven by a preponderance of the evidence that the bulk density of the granules in MSN's ANDA Product is >0.4 g/ml as determined by USP<616>, method 1.

**B.  MSN Will Directly Infringe Claim 3 of the '721 Patent**

52. Whether Plaintiff has proven by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's

ANDA Product constitutes an act of infringement of claim 3 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

53. Whether Plaintiff has proven by a preponderance of the evidence that MSN will directly infringe claim 3 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

54. Whether Plaintiff has proven by a preponderance of the evidence that the blended pimavanserin composition has a D90 particle size distribution of 60-450 μm as measured using laser scattering particle size analysis.

C. **MSN Will Directly Infringe Claim 4 of the '721 Patent**

55. Whether Plaintiff has proven by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 4 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

56. Whether Plaintiff has proven by a preponderance of the evidence that MSN will directly infringe claim 4 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

57. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product is a pharmaceutically acceptable capsule wherein the capsule has a size 3 or 4 capsule shell.

58. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product contains a blended pimavanserin composition.

59. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product contains granules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients.

60. Whether Plaintiff has proven by a preponderance of the evidence that MSN's ANDA Product contains one or more blending excipients.

61. Whether Plaintiff has proven by a preponderance of the evidence that the bulk density of the granules in MSN's ANDA Product is >0.4 g/ml as determined by USP<616>, method 1.

### D. MSN Will Directly Infringe Claim 5 of the '721 Patent

62. Whether Plaintiff has proven by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 5 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

63. Whether Plaintiff has proven by a preponderance of the evidence that MSN will directly infringe claim 5 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

### E. MSN Will Directly Infringe Claim 10 of the '721 Patent

64. Whether Plaintiff has proven by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 10 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

65. Whether Plaintiff has proven by a preponderance of the evidence that MSN will directly infringe claim 10 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

F. **MSN Will Directly Infringe Claim 11 of the '721 Patent**

66. Whether Plaintiff has proven by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 11 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

67. Whether Plaintiff has proven by a preponderance of the evidence that MSN will directly infringe claim 11 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

G. **MSN Will Directly Infringe Claim 12 of the '721 Patent**

68. Whether Plaintiff has proven by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 12 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

69. Whether Plaintiff has proven by a preponderance of the evidence that MSN will directly infringe claim 12 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

    **H.**    **MSN Will Directly Infringe Claim 13 of the '721 Patent**

70. Whether Plaintiff has proven by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 13 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

71. Whether Plaintiff has proven by a preponderance of the evidence that MSN will directly infringe claim 13 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

**V.**    **VALIDITY**

72. Whether Defendants have proven by clear and convincing evidence that claims 1–7 and 9–13 of the '721 patent are invalid as indefinite under 35 U.S.C. § 112.

73. Whether Defendants have proven by clear and convincing evidence that claims 1–7 and 9–13 of the '721 patent are invalid for lack of enablement under 35 U.S.C. § 112.

74. Whether Defendants have proven by clear and convincing evidence that claims 1–7 and 9–13 of the '721 patent are invalid for lack of written description under 35 U.S.C. § 112.

75. Whether Defendants have proven by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the requirement under 35 U.S.C. § 112 that the applicants must claim subject matter which the inventor or a joint inventor regards as the invention.

76. Whether Defendants have proven by clear and convincing evidence that claims 1–7 and 9–13 of the '721 patent are invalid as obvious under 35 U.S.C. § 103.

- 15 -

77. Whether objective indicia of non-obviousness support the non-obviousness of claims 1–7 and 9–13 of the '721 patent, including unexpected results, skepticism, and commercial success.

78. Whether the objective indicia of non-obviousness have a nexus to claims 1–7 and 9–13 of the '721 patent.