THE UNITED STATES DISTRICT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:22-cv-01387-GBW |
| ) | (Consolidated; Lead Case) |
| AUROBINDO PHARMA LIMITED, et al. ) | |
| ) | ███████████████ |
| Defendants. ) | PUBLIC VERSION FILED |
| ) | NOVEMBER 14, 2024 |
| ) | |

**EXHIBIT 3**

**DEFENDANTS MSN AND AUROBINDO'S
STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

Pursuant to Delaware Local Rule 16(c)(4), Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. (together "MSN"), Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc. ("Aurobindo") (collectively "Defendants") submit the following statement of issues of fact that remain to be litigated.

Defendants MSN and Aurobindo intend to prove the following contested facts relating to the Asserted Claims. This statement is based on the current status of the case and Court's rulings to date. Defendants MSN and Aurobindo reserve the right to revise, amend, supplement, or modify the following statement based on any pretrial ruling by the Court and/or to address any additional issues, arguments, evidence, or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending motions, and similar developments. The following stated facts are not exhaustive, and Defendants MSN and Aurobindo reserve the right to prove any matters identified in the pleadings, interrogatory responses, expert reports, or other discovery responses. In setting out these contested facts, Defendants MSN and Aurobindo do not concede that all the facts set forth are necessary or required to be established for Defendants MSN and Aurobindo to succeed on their defenses. Nor do Defendants MSN and Aurobindo assume the burden of proof with respect to any issue for which the law does not impose such a burden on them.

Defendants MSN and Aurobindo intend to offer evidence as to the issues of fact and law identified in this Pretrial Order. Defendants MSN and Aurobindo further intend to rebut evidence offered by Plaintiff Acadia Pharmaceuticals Inc. ("Acadia"). To the extent that any issue of law identified in Defendants MSN and Aurobindo's Statement of Law that Remains to be Litigated contain issues of fact, those issues are hereby incorporated by reference herein. To the extent any

issue of fact below is more aptly considered an issue of law, Defendants MSN and Aurobindo incorporate such issues into Exhibit 5.

### I. MSN'S NON-INFRINGEMENT OF THE '721 PATENT

1. Acadia is asserting claims 1, 3-5, and 10-13 of U.S. Patent No. 11,452,721 (the "'721 patent") against MSN. Acadia is asserting claims 1–7 and 9–13 of the '721 patent against Aurobindo. Claims 1–7 and 9–13 of the '721 patent are referred to herein as the "Asserted Claims."

2. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States of MSN's ANDA Product constitutes an act of infringement of claim 1 of the '721 patent under 35 U.S.C. § 271(e)(2)(a).

3. Whether Acadia has failed to prove by a preponderance of the evidence that MSN will directly infringe claim 1 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

4. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's ANDA Product contains ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

5. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's ANDA Product contains ▮▮▮▮▮▮▮▮▮▮▮▮▮.

6. Whether Acadia has failed to prove by a preponderance of the evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

7. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 3 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

8. Whether Acadia has failed to prove by a preponderance of the evidence that MSN will directly infringe claim 3 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

9. Whether Acadia has failed to prove by a preponderance of the evidence that the blended pimavanserin composition has a D90 particle size distribution of 60-450 μm as measured using laser scattering particle size analysis.

10. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 4 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

11. Whether Acadia has failed to prove by a preponderance of the evidence that MSN will directly infringe claim 4 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

12. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's ANDA Product contains ████████████████████████████████ ███████████████.

13. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's ANDA Product contains ████████████████████████████████ ███████████████.

14. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 5 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

15. Whether Acadia has failed to prove by a preponderance of the evidence that MSN will directly infringe claim 5 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

16. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 10 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

17. Whether Acadia has failed to prove by a preponderance of the evidence that MSN will directly infringe claim 10 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by

manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

18. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 11 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

19. 65. Whether Acadia has failed to prove by a preponderance of the evidence that MSN will directly infringe claim 11 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

20. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of MSN's ANDA Product constitutes an act of infringement of claim 12 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

21. Whether Acadia has failed to prove by a preponderance of the evidence that MSN will directly infringe claim 12 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

22. Whether Acadia has failed to prove by a preponderance of the evidence that MSN's act of filing ANDA No. 214925 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of

MSN's ANDA Product constitutes an act of infringement of claim 13 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

23. Whether Acadia has failed to prove by a preponderance of the evidence that MSN will directly infringe claim 13 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing MSN's ANDA Product prior to the expiration of the '721 patent.

## II. NONINFRINGEMENT BY AUROBINDO

### A. Claim 1 Will Not Be Infringed by Aurobindo

24. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 1 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

25. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 1 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

26. Whether Plaintiff Acadia has failed to prove that Aurobindo's ANDA Product contains the claim limitation, "granules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients" under a proper construction of that term.

### B. Claim 2 Will Not Be Infringed by Aurobindo

27. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use,

sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 2 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

28. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 2 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

29. Because claim 2 depends on claim 1, and incorporates all of the elements of claim 1, claim 2 cannot be infringed if claim 1 is not infringed.

### C. Claim 3 Will Not Be Infringed by Aurobindo

30. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 3 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

31. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 3 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

32. Because claim 3 depends on claim 1, and incorporates all of the elements of claim 1, claim 3 cannot be infringed if claim 1 is not infringed.

### D. Claim 4 Will Not Be Infringed by Aurobindo

33. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 4 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

34. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 4 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

35. Whether Plaintiff Acadia has failed to prove that Aurobindo's ANDA Product contains the claim limitation, "granules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients" under a proper construction of that term.

### E. Claim 5 Will Not Be Infringed by Aurobindo

36. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 5 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

37. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 5 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

38. Because claim 5 depends on claim 4, and incorporates all of the elements of claim 4, claim 5 cannot be infringed if claim 4 is not infringed.

    F.    **<u>Claim 6 Will Not Be Infringed by Aurobindo</u>**

39. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 6 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

40. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 6 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

41. Because claim 6 depends on claim 1, and incorporates all of the elements of claim 1, claim 6 cannot be infringed if claim 1 is not infringed.

    G.    **<u>Claim 7 Will Not Be Infringed by Aurobindo</u>**

42. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 7 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

43. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 7 of the '721 patent under 35 U.S.C. § 271(a), (b),

and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

44. Because claim 7 depends on claim 1, and incorporates all of the elements of claim 1, claim 7 cannot be infringed if claim 1 is not infringed.

**H.**  **Claim 9 Will Not Be Infringed by Aurobindo**

45. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 9 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

46. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 9 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

47. Because claim 9 depends on claim 1, and incorporates all of the elements of claim 1, claim 9 cannot be infringed if claim 1 is not infringed.

**I.**  **Claim 10 Will Not Be Infringed by Aurobindo**

48. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 10 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

49. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 10 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

50. Because claim 10 depends on claim 1, and incorporates all of the elements of claim 1, claim 10 cannot be infringed if claim 1 is not infringed.

### J.  Claim 11 Will Not Be Infringed by Aurobindo

51. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 11 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

52. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 11 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

53. Because claim 11 depends on claim 1, and incorporates all of the elements of claim 1, claim 11 cannot be infringed if claim 1 is not infringed.

### K.  Claim 12 Will Not Be Infringed by Aurobindo

54. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of

Aurobindo's ANDA Product constitutes an act of infringement of claim 12 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

55. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 12 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

56. Because claim 12 depends on claim 10, and incorporates all of the elements of claim 10, claim 12 cannot be infringed if claim 10 is not infringed.

L. **Claim 13 Will Not Be Infringed by Aurobindo**

57. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo's filing of ANDA No. 214782 to obtain approval to engage in the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product constitutes an act of infringement of claim 13 of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

58. Whether Acadia has failed to prove by a preponderance of the evidence that Aurobindo will directly infringe claim 13 of the '721 patent under 35 U.S.C. § 271(a), (b), and/or (c) by manufacturing, using, offering to sell, selling, and/or importing Aurobindo's ANDA Product prior to the expiration of the '721 patent.

59. Because claim 13 depends on claim 4, and incorporates all of the elements of claim 4, claim 13 cannot be infringed if claim 4 is not infringed.

### III. THE ASSERTED CLAIMS ARE INVALID

60. Whether Defendants MSN and Aurobindo have proven by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the written description requirement under 35 U.S.C. § 112.

61. Whether Defendants MSN and Aurobindo have proven by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the enablement requirement under 35 U.S.C. § 112.

62. Whether Defendants MSN and Aurobindo have proven by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the definiteness requirement under 35 U.S.C. § 112.

63. Whether Defendants MSN and Aurobindo have proven by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the requirement under 35 U.S.C. § 112 that the applicants must claim subject matter which the inventor or a joint inventor regards as the invention.

64. What is the scope and content of the prior art.

65. Whether Defendants MSN and Aurobindo have proven by clear and convincing evidence that the Asserted Claims are invalid as obvious in light of the scope and content of the prior art, the level of ordinary skill in the art, and the general knowledge of a person of ordinary skill in the art, pursuant to 35 U.S.C. § 103.

66. Whether any alleged "secondary considerations" do not support the non-obviousness of the Asserted Claims, including that any alleged nexus of such secondary considerations to the Asserted Claims does not exist.

## IV.   REMEDIES FOR MSN'S ALLEGED INFRINGEMENT

67. Whether Acadia is entitled to a ruling that the effective approval date of MSN's ANDA No. 214925 shall be a date which is not earlier than the latest expiration date of the '721 patent.

68. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, whether Acadia has established that this is an exceptional case, and therefore Acadia is entitled to attorneys' fees and costs under 35 U.S.C. § 285, and if so, the amount.

69. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, whether Acadia has established it is entitled to other relief the Court deems just and proper.

## V.   REMEDIES FOR AUROBINDO'S ALLEGED INFRINGEMENT

70. Whether Acadia is entitled to a ruling that the effective approval date of Aurobindo's ANDA No. 214782 shall be a date which is not earlier than the latest expiration date of the '721 patent.

71. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, whether Acadia has established that this is an exceptional case, and therefore Acadia is entitled to attorneys' fees and costs under 35 U.S.C. § 285, and if so, the amount. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, whether Acadia has established it is entitled to other relief the Court deems just and proper.

## VI.   MSN'S REMEDIES

72. To the extent the Court finds the Asserted Claims invalid and/or not infringed, whether MSN has established that this is an exceptional case under 35 U.S.C. § 285, and therefore MSN is entitled to attorneys' fees, costs, and expenses, and if so, the amount.

73.     Whether MSN is entitled to any other relief that the Court deems just and proper.

## VII.    AUROBINDO'S REMEDIES

74.     Aurobindo seeks denial of Plaintiff's requested are relief and the right to seek attorney fees and costs associated with this case and any other relief that the Court deems just and proper.