# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED et al., <br><br> Defendants. | C.A. No. 22-1387-GBW <br> **(Consolidated)** <br><br> **PUBLIC VERSION FILED** <br><br> **NOVEMBER 14, 2024** |

**PRETRIAL ORDER EXHIBIT 13:**

**PLAINTIFF'S BRIEF STATEMENT OF INTENDED PROOFS**

## TABLE OF CONTENTS

**Page**

I. INFRINGEMENT ................................................................................................................1

    A. Aurobindo ..............................................................................................................1

    B. MSN ......................................................................................................................2

II. VALIDITY .........................................................................................................................2

III. REMEDIES ........................................................................................................................3

## PLAINTIFF'S BRIEF STATEMENT OF INTENDED PROOFS

Pursuant to L.R. Civ. P. 16.3(c), Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA" or "Plaintiff") submits this brief statement of what ACADIA intends to prove in support of ACADIA's claims, including the details of the relief sought. This statement is not exhaustive and is based on ACADIA's current understanding of the claims and defenses of Defendants Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc. (together, "Aurobindo") and MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. (together, "MSN") (collectively, "Defendants"). ACADIA reserves the right to prove any matter identified in its pleadings, discovery responses, expert reports, and the accompanying statements of contested issues of fact and issues of law that remain to be litigated at trial (which are incorporated by reference).

ACADIA also reserves the right to provide additional proof to rebut any proof offered by Defendants before or during trial, in response to rulings by the Court, or for any other good cause. ACADIA reserves the right to supplement or amend this statement to fairly respond to any new issues that Defendants may raise. By including an issue herein, ACADIA does not assume the burden of proof or production with respect to that issue. ACADIA incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

I. **INFRINGEMENT**

    A. **Aurobindo**

1. ACADIA intends to prove that Aurobindo's submission of Abbreviated New Drug Application ("ANDA") No. 214782 seeking approval of its proposed product, *i.e.*, Pimavanserin Tartrate Oral Capsules, 34 mg ("Aurobindo's ANDA Product") constituted infringement of Claims 1-7 and 9-13 of U.S. Patent No. 11,452,721 ("the '721 patent"). 35 U.S.C. § 271(e)(2)(A). Further, the making, use, offer for sale, and/or sale of Aurobindo's ANDA Product

1

will literally, directly or indirectly, infringe Claims 1-7 and 9-13 of the '721 patent. 35 U.S.C. §§ 271(a), (b), and/or (c).

      **B.**    **MSN**

      2.    ACADIA intends to prove that MSN's submission of ANDA No. 214925 seeking approval of its proposed product, *i.e.*, Pimavanserin Tartrate Oral Capsules, 34 mg ("MSN's ANDA Product") constituted infringement of Claims 1, 3-5, and 10-13 of the '721 patent. 35 U.S.C. § 271(e)(2)(A). Further, the making, use, offer for sale, and/or sale of MSN's ANDA Product will literally, directly or indirectly, infringe Claims 1, 3-5, and 10-13 of the '721 patent. 35 U.S.C. §§ 271(a), (b), and/or (c).

**II.**    <u>**VALIDITY**</u>

      3.    To the extent alleged by Defendants, ACADIA intends to offer proof to rebut Defendants' allegations that any of the asserted claims of the '721 patent is invalid as obvious under 35 U.S.C. § 103, including evidence of objective indicia of nonobviousness.

      4.    To the extent alleged by Defendants, ACADIA intends to offer proof to rebut Defendants' allegations that the asserted claims of the '721 patent are invalid for lack of written description under 35 U.S.C. § 112(a).

      5.    To the extent alleged by Defendants, ACADIA intends to offer proof to rebut Defendants' allegations that the asserted claims of the '721 patent are invalid for lack of enablement under 35 U.S.C. § 112(a).

      6.    To the extent alleged by Defendants, ACADIA intends to offer proof to rebut Defendants' allegations that the asserted claims of the '721 patent are invalid for indefiniteness under 35 U.S.C. § 112(b).

## III. REMEDIES

7. ACADIA intends to prove that it is entitled to a ruling that the effective approval date of Aurobindo's ANDA No. 214782 shall be a date which is not earlier than the latest expiration date of the '721 patent or any later expiration of any patent term extension or exclusivity for the '721 patent that ACADIA is or may become entitled pursuant to law.

8. ACADIA intends to prove that it is entitled to a ruling that Aurobindo, its officers, agents, servants, and employees, and those persons in active concert or participation with Aurobindo, may not engage in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of Aurobindo's ANDA Product until a date which is not earlier than the latest expiration date of the '721 patent, or any later expiration of any patent term extension or exclusivity for the '721 patent that ACADIA is or may become entitled pursuant to law.

9. ACADIA intends to prove that it is entitled to a ruling that the effective approval date of MSN's ANDA No. 214925 shall be a date which is not earlier than the latest expiration date of the '721 patent or any later expiration of any patent term extension or exclusivity for the '721 patent that ACADIA is or may become entitled pursuant to law.

10. ACADIA intends to prove that it is entitled to a ruling that MSN, its officers, agents, servants, and employees, and those persons in active concert or participation with MSN, may not engage in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of MSN's ANDA Product until a date which is not earlier than the latest expiration date of the '721 patent, or any later expiration of any patent term extension or exclusivity for the '721 patent that ACADIA is or may become entitled pursuant to law.

11. ACADIA reserves the right to seek an award of attorneys' fees pursuant to 35 U.S.C. § 285.

12. ACADIA reserves the right to seek an award of taxable costs and interest.

13. ACADIA requests a grant of such other and further relief as the Court deems just and proper.