THE UNITED STATES DISTRICT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AUROBINDO PHARMA LIMITED, et al. )<br>)<br>Defendants. )<br>)<br>) | C.A. No. 1:22-cv-01387-GBW<br>(Consolidated; Lead Case)<br><br>**PUBLIC VERSION FILED<br>NOVEMBER 14, 2024** |

EXHIBIT 14

**DEFENDANTS MSN AND AUROBINDO'S
BRIEF STATEMENT OF INTENDED PROOFS**

Pursuant to Delaware Local Rule 16.3(c)(9), Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. (together, "MSN"), Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc. (together, "Aurobindo"), (collectively, "Defendants"), submit the following brief statement of what MSN and Aurobindo intend to prove in support of their claims at trial. This statement is not intended to be exhaustive, and MSN and Aurobindo reserve the right to prove any matters identified in the pleadings, fact and expert discovery, and the statements of facts and legal issues to be litigated at trial contained herein. To any proof that is to be presented by expert testimony, MSN and Aurobindo hereby incorporate by reference the reports and depositions of MSN and Aurobindo's expert witnesses addressing the issues below.

To the extent MSN and Aurobindo assert Plaintiff Acadia Pharmaceuticals, Inc. ("Acadia" or "Plaintiff") fails to meet its burden of proof on any issue, such statements do not constitute an admission that MSN and Aurobindo have any obligation to prove or disprove any element or part of any claim or defense on which Plaintiff bears the burden of proof or production. MSN and Aurobindo do not assume the burden of proof or production as to any matter set out below that MSN and Aurobindo are not required to by law.

MSN and Aurobindo reserve the right to prove or respond to any issues of fact or law set forth in MSN and Aurobindo's Statements of Issues of Fact that Remain to be Litigated (Exhibit 3) and MSN and Aurobindo's Statement of Issues of Law that Remain to be Litigated (Exhibit 5). MSN and Aurobindo further reserve the right to amend and/or supplement this statement to the extent necessary to respond to issues raised by Plaintiff, and to rebut any alleged proof(s) offered by Plaintiff before and during trial, in response to rulings by the Court, or for any reason.

## I.  NON-INFRINGEMENT OF THE '721 PATENT – AS TO MSN

1. Acadia bears the burden of proving infringement by MSN of the asserted claims 1, 3-5, and 10-13 (the "Asserted Claims") of U.S. Patent No. 11,452,721 (the "'721 patent"). MSN will show that Acadia has failed to carry its burden of proof to show MSN's submission of ANDA No. 214925 seeking approval of its proposed product, *i.e.*, Pimavanserin Tartrate Oral Capsules, 34 mg ("MSN's ANDA Product") constituted infringement of the Asserted Claims, and that the making, use, offer for sale, and/or sale of MSN's ANDA Product will literally, directly or indirectly, infringe the Asserted Claims.

## II.  NON-INFRINGEMENT OF THE '721 PATENT – AS TO AUROBINDO

2. Defendant Aurobindo will show that the manufacture, sale or use of the product described in its ANDA No. 214782 does not infringe any valid claim of the '721 patent.

3. Defendant Aurobindo will show that the product described in its ANDA No. 214782 does not include any granules or granulated components and therefore the claim limitations "[g]ranules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients" in claim 1, and "[g]ranules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients" in claim 4 are not met in Aurobindo's proposed product meaning that there is no literal infringement.

4. Defendant Aurobindo will show that the product described in its ANDA No. 214782 does not include any granules or granulated components and therefore the claim limitations "[g]ranules comprising 40 mg pimavanserin tartrate and optionally one or more pharmaceutically acceptable excipients" in claim 1, and "[g]ranules comprising 40 mg pimavanserin tartrate and one or more pharmaceutically acceptable excipients" in claim 4 are not met in Aurobindo's ANDA Product.  These claim limitations are essential features of claims

1 and 4 and there exists a substantial difference between Aurobindo's ANDA and these claim limitations of claims 1 and 4, meaning that there can be no infringement under the doctrine of equivalents.

### III.    THE ASSERTED CLAIMS ARE INVALID

5. MSN and Aurobindo will show by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the written description requirement under 35 U.S.C. § 112.

6. MSN and Aurobindo will show by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the enablement requirement under 35 U.S.C. § 112.

7. MSN and Aurobindo will show by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the definiteness requirement under 35 U.S.C. § 112.

8. MSN and Aurobindo will show by clear and convincing evidence that the Asserted Claims are invalid under 35 U.S.C. § 112 for failure to satisfy the requirement that the applicants must claim subject matter which the inventor or a joint inventor regards as the invention.

9. MSN and Aurobindo will show by clear and convincing evidence that the Asserted Claims are invalid as obvious in light of the scope and content of the prior art, the level of ordinary skill in the art, and the general knowledge of a person of ordinary skill in the art, pursuant to 35 U.S.C. § 103.

10. MSN and Aurobindo will show that any purported "secondary considerations" do not support the non-obviousness of the Asserted Claims, including that such secondary considerations lack a nexus to the Asserted Claims.

## IV. REMEDIES FOR MSN'S ALLEGED INFRINGEMENT

11. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, Acadia must prove it is entitled to a ruling that the effective approval date of MSN's ANDA No. 214925 shall be a date which is not earlier than the latest expiration of the '721 Patent. MSN will present evidence that Acadia has failed to meet its burden on this issue. MSN will present evidence to rebut Acadia's assertions.

12. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, Acadia must prove that this is an exceptional case, and therefore Acadia is entitled to attorneys' fees and costs under 35 U.S.C. § 285. MSN will present evidence that Acadia has failed to meet its burden on this issue. MSN will present evidence to rebut Acadia's assertions.

13. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, Acadia must prove it is entitled to other relief the Court deems just and proper. MSN will present evidence that Acadia has failed to meet its burden on this issue. MSN will present evidence to rebut Acadia's assertions.

## V. REMEDIES FOR AUROBINDO'S ALLEGED INFRINGEMENT

14. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, Acadia must prove it is entitled to a ruling that the effective approval date of Aurobindo's ANDA No. 214782 shall be a date which is not earlier than the latest expiration of the '721 Patent. Aurobindo will present evidence that Acadia has failed to meet its burden on this issue and will present evidence to rebut Acadia's assertions.

15. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, Acadia must prove that this is an exceptional case, and therefore Acadia is entitled to attorneys' fees and costs under 35 U.S.C. § 285. Aurobindo will present evidence that Acadia has failed to meet its burden on this issue and will present evidence to rebut Acadia's assertions.

16. To the extent the Court finds at least one of the Asserted Claims is valid and infringed, Acadia must prove it is entitled to other relief the Court deems just and proper. Aurobindo will present evidence that Acadia has failed to meet its burden on this issue and will present evidence to rebut Acadia's assertions.

### VI.     **MSN'S REMEDIES**

17. MSN will present evidence in support of its request for a declaration under 28 U.S.C. §§ 2201 *et seq* that the submission of ANDA No. 214925 has not and will not infringe any valid claim of the '721 patent.

18. MSN will present evidence in support of its request for a declaration under 28 U.S.C. §§ 2201 *et seq* that the Asserted Claims are invalid, including under 35 U.S.C. § 103 and/or § 112.

19. MSN will present evidence in support of its request for a declaration that this case is exceptional in favor of MSN and award MSN's attorney's fees, costs, and litigation expenses pursuant to 35 U.S.C. § 285.

20. MSN will present evidence that MSN is entitled to any other relief that the Court deems just and proper.

## VII. <u>AUROBINDO'S REMEDIES</u>

21.     Aurobindo seeks denial of Plaintiff's requested are relief and the right to seek attorney fees and costs associated with this case and any other relief that the Court deems just and proper.