IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., | |
| Plaintiff, | |
| v. | C.A. No. 22-1387-GBW |
| AUROBINDO PHARMA LIMITED, et al., | CONSOLIDATED |
| Defendants. | |

## SUPPLEMENTAL SCHEDULING ORDER

AND NOW, this 9th day of December 2024, IT IS HEREBY ORDERED as follows:

1. Plaintiff Acadia and Defendants MSN and Aurobindo shall submit their respective trial briefs as follows: (i) On or before January 6, 2025, Plaintiff Acadia shall file its opening brief explaining how it met its burden of proof during the bench trial to prove infringement of claims 4 and 5 of the '721 patent by Aurobindo's ANDA product with an explanation of the factual and legal bases for each required element of the claim with specific, pinpoint cites to the alleged proof of each element of the claim in the evidentiary record; (ii) On or before January 6, 2025, Defendants MSN and Aurobindo shall file their combined opening brief explaining how they met their burden of proof during the bench trial to prove invalidity of claims 4 and/or 5 of '721 patent (indefiniteness, obviousness, lack of written description, and lack of enablement) with an explanation of the factual and legal bases for each required element of each claim with specific, pinpoint cites to the alleged proof of each element of each claim in the evidentiary record; (iii) On or before February 5, 2025, Plaintiff Acadia shall file its

answering brief setting forth its position on whether Defendants MSN and Aurobindo met their burden of proof on proving invalidity of claims 4 and/or 5 of the '721 patent (indefiniteness, obviousness, lack of written description, and lack of enablement) with an explanation of the factual and legal basis for its positions with specific, pinpoint cites to the evidentiary record; and (iv) On or before February 5, 2025, Defendants MSN and Aurobindo shall file their combined answering brief setting forth their position on whether Plaintiff Acadia met its burden of proof on proving infringement of claims 4 and 5 of the '721 patent by Aurobindo's ANDA product with an explanation of the factual and legal basis for their positions with specific, pinpoint cites to the evidentiary record. Each side's opening trial brief and answering trial brief shall be limited to fifteen (15) pages or less. There shall be no reply trial briefs filed.

2. With respect to the parties' post-trial submissions of proposed findings of fact and conclusions of law, the following schedule shall apply: (i) On or before January 6, 2025, Plaintiff Acadia shall file its Proposed Findings of Fact and Conclusions of Law on infringement of claims 4 and 5 of the '721 patent; (ii) On or before January 6, 2025, Defendants MSN and Aurobindo shall file their combined Proposed Findings of Fact and Conclusions of Law on invalidity of claims 4 and 5 of the '721 patent (indefiniteness, obviousness, lack of written description, and lack of enablement); (iii) On or before February 5, 2025, Plaintiff Acadia shall file its Proposed Findings of Fact and Conclusions of Law on Defendants MSN and Aurobindo's claims of invalidity of claims 4 and 5 of the '721 patent (indefiniteness, obviousness, lack of written description, and lack of enablement) and (iv) On or before February 5, 2025, Defendants MSN and Aurobindo shall file their Proposed Findings of Fact and

Conclusions of Law on Plaintiff Acadia's claims of infringement of claims 4 and 5 of the '721 patent by Aurobindo's ANDA product. The parties' respective Proposed Findings of Fact and Conclusions of Law shall not exceed ten (10) pages for each submission deadline and should include pinpoint cites to the record.

3. With respect to the post-trial motions, including but not limited to post-trial motions under Federal Rule of Civil Procedure 59, the following schedule shall apply: (i) On or before twenty-eight (28) days after the Court's entry of judgment, all post-trial motions and Opening Briefs are due; (ii) On or before fourteen (14) days after Opening Briefs are filed, the opposing party's Answering Brief is due; and (iii) On or before seven (7) days after the filing of the opposing party's Answering brief, the Reply Brief is due. Each side shall be limited to one combined total of twenty (20) pages of Opening Brief(s), twenty (20) pages of Answering Brief(s), and ten (10) pages of Reply Brief(s) relating to any post-trial motions filed by either side, no matter how many such motions are filed.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE