# THE UNITED STATES DISTRICT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED, et al. <br><br> Defendants. | C.A. No. 1:22-cv-01387-GBW <br> (Consolidated; Lead Case) |

## MSN LABORATORIES PRIVATE LTD. AND MSN PHARMACEUTICALS INC.'S MOTION FOR LEAVE TO FILE POST-TRIAL REPLY BRIEF

Defendants MSN Laboratories Private Ltd., and MSN Pharmaceuticals Inc. (collectively, "MSN"), hereby moves (the "Motion") the Court, pursuant to Local Rule 7.1.2, for leave to file a short post-trial reply brief.

While the Supplemental Scheduling Order [D.I. 120, Dec. 9, 2024] does not otherwise permit the parties to file reply trial briefs, Plaintiff ACADIA Pharmaceuticals, Inc.'s ("Plaintiff") responsive post-trial brief [D.I. 134] on the invalidity of the '721 patent raises several new points that were not affirmatively argued at trial, or that misrepresent the teachings of the prior art or the trial record. These new points from Plaintiff's responsive post-trial brief include the following:

- The Liu reference (DTX-013) "discouraged the use of capsules unless other dosage forms were not acceptable." (Resp. Br. at 4.)

- The Schiele reference (DTX-007) "explicitly teaches both larger dosage forms and capsules cause more swallowing difficulties." (Resp. Br. at 6.)

- Ragnar-Tolf (JTX-011) teaches a POSA towards "direct compression tablet formulations, not capsules." (Resp. Br. at 6.)

- That a "plain reading of the testimony, however, indicates that Dr. [Muzzio] never expressed even an expectation of success[.]" (Resp. Br. at 9.)

- That "the record shows that the claimed amount[] of [pimavanserin tartrate] could and did materially and unpredictably alter the property of the claimed formulation[.]" (Resp. Br. at

9.)

- That "[ACADIA's] failure to develop a single size 4 capsule formulation suggests that skilled artisans would not have reasonably expected to succeed[.]" (Resp. Br. at 9.)

- That "'the long delay between the marketing of the [two tablet] formulation and [the one capsule formulation] . . . supports the inference that it was difficult for researchers to create a [single size 4 capsule] product.'" (Resp. Br. at 9.)

- That column 19 of the '721 patent provides "express disclosures for manufacturing processes for granules" including various excipients may be included. (*See* Resp. Br. at 13 (citing JTX09 at 19:12–15).)

Most of these allegations were never raised at trial, nor are any alleged "facts" supported by the actual evidence of record. A party should have a full and fair opportunity to address the issues before they are potentially resolved against that party. *See, e.g., Massey v. Del Labs. Inc.*, 118 F.3d 1569, 1572-73 (Fed. Cir. 1997). Plaintiff's new arguments warrant at least a brief response so the Court may properly decide the issues in the case on an accurate record. *See, e.g.*, *Choma v. Blue Cross Blue Shield of Del.*, No. 06-486-JJF, 2008 WL 4276546, *15 (D. Del. Sep. 18, 2008) (granting sur-reply to correct "demonstrable factual inaccuracies"). Further, MSN's proposed reply brief (attached hereto as Exhibit A) does not "improperly raise any belated issues that [plaintiff] did not already have an opportunity to address," as it is strictly limited to responding to these new arguments. *Belden Techs., Inc. v. LS Corp.*, No. 08–823–SLR, 2010 WL 11205228, *1 (D. Del. Jul. 14, 2010) (permitting a sur-reply). For that reason, MSN respectfully requests leave to file a reply brief pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure for the District of Delaware.

A reasonable effort has been made to reach agreement with Plaintiff on the matters set forth in this Motion. Counsel for MSN have met and conferred with counsel for Plaintiff, including verbally with Delaware counsel present. Plaintiff represented it opposes the Motion.

In conclusion, for the foregoing reasons, MSN respectfully requests the Court grant the Motion and allow the filing of the short reply brief attached as Exhibit A.

Dated: March 18, 2025

*Of Counsel:*

Richard J. Berman
Janine A. Carlan
Bradford C. Frese
Michael J. Baldwin
**ARENTFOX SCHIFF LLP**
1717 K. St. NW
Washington, DC 20006
T: (202) 857-6000
richard.berman@afslaw.com
janine.carlan@afslaw.com
bradford.frese@afslaw.com
michael.baldwin@afslaw.com

**SEITZ, VAN OGTROP & GREEN, P.A.**

*/s/James S. Green, Jr.*
James S. Green, Jr. (#4406)
222 Delaware Avenue, Suite 1500
Wilmington, Delaware 18901
T: (302) 888-7607
jsgreen@svglaw.com

*Attorneys for Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc*

3