**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ACADIA PHARMACEUTICALS INC., Plaintiffs, v. AUROBINDO PHARMA LIMITED, et al., Defendants. | C.A. No. 1:22-cv-01387-GBW (Consolidated, Lead Case) |

**MSN LABORATORIES PRIVATE LTD. AND MSN PHARMACEUTICALS INC.'S
REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE
REPLY POST-TRIAL BRIEF**

Even a cursory review of Plaintiff's *eight-page* Opposition to Defendants' Motion for Leave to File Post-Trial Reply (D.I. 138, "Opp. Br.") demonstrates that the arguments MSN identified as new in its *four-page* proposed reply brief (D.I. 126-1), were never raised at trial. The Court should grant MSN's Motion and consider the proposed Reply Post-Trial Brief.

**I.     ACADIA'S BRIEF DEMONSTRATES WHY MSN COULD NOT HAVE ANTICIPATED THE NEW ARGUMENTS**

Rather than pointing to clear statements in the trial record identifying where its arguments were raised at trial, Plaintiff's Brief either fails to cite *any* testimony, cites to broad swaths of unspecific expert testimony, or—at one point—cites a *question* from MSN's counsel as evidence. Plaintiff hardly "relies on evidence and facts in the record," as it asserts. *See* Opp. Br. at 1.

Both parties agree that additional briefing is warranted if it "responds to new evidence, facts, or arguments" raised in the final brief. *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017). Plaintiff cites *Cephea Valve Techs., Inc. v. Abbott Lab'ys,* C.A. No. 23-691-GBW-SRF, 2024 WL 1932830 (D. Del. Mar. 26, 2024) as support for its argument that MSN's request is not warranted. *See* Opp. Br. at 3. But *Cephea* is inapposite. In *Cephea*, the Court denied the plaintiff

1

a *sur-reply* after it had raised a novel, unanticipated argument in its *responsive* brief, because it sought "to benefit from its own delayed disclosure of the theory by requesting an expansion of the briefing." *Cephea,* 2024 WL 1932830, at *9. Here, Plaintiff has not asserted that MSN delayed disclosure of a novel theory, but rather that MSN should *somehow* have anticipated Plaintiff's new arguments. That is not the standard by which additional briefing should be denied. *See Novartis*, 243 F. Supp. 3d at 540.

Review of Plaintiff's brief demonstrates that all eight points are, indeed, new. *See* Opp. Br. at 3. Taking the points in reverse order, for Point Eight, Plaintiffs cite *no* trial testimony whatsoever supporting a finding of written description. *See* Opp. Br. at 6-7. Rather, Plaintiff cites an *interrogatory response* as its sole source of evidence. *See id.* at 7. But this interrogatory response was not part of the trial record, and Plaintiff all but concedes this point was never argued at trial. Thus, a reply is warranted for this new argument alone.

Points Six and Seven address objective indicia, such as long-felt need and failure of others, that were never raised at trial. *See* Opp. Br. at 6. Indeed, Plaintiff's expert, Dr. Little, *explicitly testified* he was not relying on any objective indicia. Tr. 543:24–544:3. Yet, Plaintiff presented these arguments in its Responsive Brief. *See* D.I. 134 at 9. Such arguments are new and require response from MSN.

For Points Four and Five, Plaintiff cites *no* testimony—from *any* witness—indicating that "Dr. [Muzzio] never expressed even an expectation of success[]" or that the amount of pimavanserin tartrate in the claimed formulation "did materially and unpredictably alter the property" of the formulation. *See* D.I. 134 at 9; *see also* Opp. Br. at 5. In fact, Plaintiff now *concedes* that Dr. Muzzio expressed an expectation of success in his testimony. *See* Opp. Br. at 5. Further, Dr. Little *never* argued at trial that the 0.508 g/ml bulk density the inventors obtained

2

showed the amount of pimavanserin in the granules "materially and unpredictably" affected the bulk density of the formulation. *See* Opp. Br. at 5 (citing Tr. 533:7-543:23). MSN thus had no notice of either argument, and should be allowed to respond accordingly.

Finally, for Points One through Three, Plaintiff merely reasserts its new arguments without clearly identifying where they were raised at trial. For instance, in the *ten pages* of testimony Plaintiff cites for Point One, nowhere does Dr. Little state that Liu "discourages" the use of capsules. *See* Opp. Br. at 3-4 (citing Tr. 513:19–523:9). At best, Dr. Little testified that Liu presents alternatives to capsules that a POSA "would consider." *See* Tr. 516:1-522:7. Likewise, for Point Two, Dr. Little's testimony does not support Plaintiff's new, broad argument that Schiele discloses "capsules cause swallowing problems." *See* D.I. 134 at 5; Opp. Br. at 4 (citing Tr. 523:13–527:23). Likewise, for Point 3, Plaintiff cites *no* trial testimony from Dr. Little, and, incredibly, cites a **question** from MSN's counsel as evidence. *See* Opp. Br. at 5 (citing Tr. 336:17–22). These arguments thus are clearly new, and MSN should be allowed to respond.

## II.    PLAINTIFFS SHOULD NOT RECEIVE A SUR-REPLY

Because MSN properly requests a Reply to respond to Plaintiff's new arguments, no sur-reply should be granted. Plaintiff's request is an attempt to "benefit from its own delayed disclosure of the theory by requesting an expansion of the briefing," a position that was rejected in *Cephea*. 2024 WL 1932830, at *9. Furthermore, Plaintiff already spent *six pages* responding to MSN's arguments; thus, no further briefing is warranted. Because MSN's Reply brief would respond to Plaintiffs' new and belated arguments, Plaintiff should not have an opportunity to further respond.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant MSN's motion.


DATED: April 8, 2025                                          **SEITZ, VAN OGTROP & GREEN. P.A.**

*Of Counsel:*                                                 */s/ James S. Green, Jr.*
                                                              James S. Green, Jr. (#4406)
Richard J. Berman                                             222 Delaware Avenue, Suite 1500
Janine A. Carlan                                              Wilmington, Delaware 19801
Bradford C. Frese                                             (302) 888-7607
Michael Baldwin                                               jsgreen@svglaw.com
**ARENTFOX SCHIFF LLP**
1717 K Street, NW                                             *Counsel for Defendants,*
Washington, DC  20006                                         *MSN Laboratories Private. Ltd. and*
(202) 857-6000                                                *MSN Pharmaceuticals, Inc.*
richard.berman@afslaw.com
janine.carlan@afslaw.com
bradford.frese@afslaw.com
michael.baldwin@afslaw.com