**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACADIA PHARMACEUTICALS INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 22-1387-GBW |
| AUROBINDO PHARMA LIMITED *et al.*, Defendants. | ) | CONSOLIDATED |

**FINAL JUDGMENT**

**WHEREAS,** Plaintiff Acadia Pharmaceuticals Inc. ("Acadia") in the above-captioned suit has asserted that Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. (collectively, "MSN"), and Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc. (collectively, "Aurobindo") both infringed claims 4 and 5 of Acadia's United States Patent No. 11,452,721 ("the '721 patent") by filing their respective Abbreviated New Drug Applications ("ANDA") (specifically, Aurobindo's ANDA No. 214782 and MSN's ANDA No. 214925);

**WHEREAS,** the Court held a three-day bench trial in this action on December 3, 4, and 6, 2024; and

**WHEREAS**, the Court issued an opinion setting forth its Findings of Fact and Conclusions of Law on May 16, 2025 (D.I. 140);

**NOW THEREFORE, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED:**

1. The Court has jurisdiction over Acadia, MSN, and Aurobindo, and the subject matter of this action.

2. Final Judgment is entered in favor of Acadia and against MSN and Aurobindo on all claims and counterclaims with respect to the '721 patent. Claims 4 and 5 of the '721 patent are not invalid.

3. The manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Aurobindo's ANDA product that is the subject of ANDA No. 214782 before the expiration of the '721 patent would infringe claims 4 and 5 of the '721 patent.

4. The manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of MSN's ANDA product that is the subject of ANDA No. 214925 before the expiration of the '721 patent would infringe claims 4 and 5 of the '721 patent.

5. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date for any approval of Aurobindo's ANDA No. 214782 and MSN's ANDA No. 214925 shall be no earlier than the expiration date of the '721 patent (currently August 27, 2038). If Acadia becomes entitled to any other exclusivities that are not referenced herein, Acadia may apply to the Court for further relief as may be appropriate.

6. Pursuant to 35 U.S.C. § 271(e)(4)(B), Aurobindo and its affiliates, successors, partners, officers, agents, servants, employees, and attorneys, and other persons or entities in active concert or participation with any of them, are hereby enjoined from making, using, offering to sell, or selling within the United States, or importing into the United States, the product that is the subject of ANDA No. 214782 until no earlier than the expiration date of the '721 patent (currently August 27, 2038).

7. In accordance with 21 C.F.R. § 314.107(e), Aurobindo shall submit a copy of this Final Judgment to the FDA within fourteen (14) days of the date of entry of this Final Judgment by the Court.

8. Pursuant to 35 U.S.C. § 271(e)(4)(B), MSN and its affiliates, successors, partners, officers, agents, servants, employees, and attorneys, and other persons or entities in active concert or participation with any of them, are hereby enjoined from making, using, offering to sell, or selling within the United States, or importing into the United States, the product that is the subject of ANDA No. 214925 until no earlier than the expiration date of the '721 patent (currently August 27, 2038).

9. In accordance with 21 C.F.R. § 314.107(e), MSN shall submit a copy of this Final Judgment to the FDA within fourteen (14) days of the date of entry of this Final Judgment by the Court.

10. Pursuant to Fed. R. Civ. P. 54, D. Del. LR 54.1, and 28 U.S.C. § 1920, Acadia may seek its costs, subject to Paragraphs 11 and 12, in an amount to be determined by the Clerk of the Court.

11. In the event that a party appeals this Final Judgment, any motion for attorneys' fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time to petition for certiorari to the United States Supreme Court or, if the appeal is withdrawn or dismissed, within 60 days after such withdrawal or dismissal.

12. In the event that no party appeals this Final Judgment, any motion for attorneys' fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

13. This is a final, appealable judgment.

**IT IS SO ORDERED**, on this 9th day of June, 2025

G.B. Wms.

HONORABLE GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE